■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH MALLOY, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered October 25, 1962 after a jury trial, convicting him of robbery in the second degree, grand larceny in the first degree, and of assault in the second degree, and imposing sentence. Judgment affirmed. In our opinion, the court properly left to the jury to determine from the conflicting facts whether the defendant's inculpatory admissions and statements were coercively obtained, notwithstanding his detention on the alleged pretext of confinement under a vagrancy charge to which defendant had pleaded guilty (*People* v. *Everett*, 10 N Y 2d 500, 507–508; *Culombe* v. *Connecticut*, 367 U. S. 568, 590–591, 601–604; *People* v. *Leyra*, 302 N. Y. 353, 363). On the jury's implicit finding that these statements and admissions were voluntarily made, apart from the identification proof assailed as improperly bolstered, there was then competent other proof of defendant's identification sufficient to sustain conviction (*People* v. *Alexander*, 13 A D 2d 520, 521). It appears that in *United States ex rel. Everett* v. *Murphy* (329 F. 2d 68, cert. den. 377 U. S. 967), the Federal Court of Appeals has taken a view contrary to that of the New York Court of Appeals in *People* v. *Everett, supra*). Whenever such conflict is found to exist, the rulings of the New York Court of Appeals are controlling on this court (*People ex rel. Aronson* v. *McNeill*, 19 A D 2d 731, 732). Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MONTGOMERY, Appellant.— Appeal by defendant Montgomery from a judgment of the Supreme Court, Kings County, rendered January 4, 1963 after a jury trial, convicting him of conspiracy, as a felony (Penal Law, § 580-a) and of carrying a dangerous weapon, as a felony (Penal Law, § 1897) and imposing sentence. This defendant was indicted and tried jointly with one Harvey Shaw, whose appeal has been decided herewith (21 A D 2d 908). Judgment affirmed. On this record, we find: (1) that both the defendants Montgomery and Shaw were lawfully arrested at Fulton Street and Bedford Avenue; (2) that the search of the car in question started at the time and place of the arrest; (3) that there was a brief, reasonable suspension of the search because of a situation which arose at the scene of the arrest and which made completion of the search at that place inadvisable; and (4) the search at the station house, immediately following such brief suspension, was merely a *continuation* of the search initiated at the time and place of the arrest. Hence, we hold that the search was incidental to and contemporaneous with a lawful arrest; that the search was valid; and that the guns discovered by the search were properly admitted into evidence. While we do not approve of the prosecutor's comment, in summation, that "in his opinion" the evidence conclusively showed defendants' guilt (cf. *People* v. *Lovello*, 1 N Y 2d 436), we believe the trial court's prompt instructions to the jury relative to such remark effectively eliminated any possible prejudice to the defendants. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan JJ., concur.