[Crim. No. 1930.   Fourth Dist.   Oct. 27, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD DALTON PETTIT, Defendant and Appellant.

Charles E. Ward, Public Defender, and John Ingro, Deputy Public Defender, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—By an information in three counts, the defendant was charged with three violations of section 476a of the Penal Code, i.e., issuing worthless checks. Each count alleged facts establishing the offense in question; concerned a check in a sum of $50 or less; also alleged the defendant previously had been convicted of issuing a worthless check, a felony; and referred to the offense charged as a felony. The prior conviction alleged in each of the three counts was the same. In addition, the information also alleged another prior felonious worthless check conviction.

The prior convictions were admitted. Not guilty pleas were entered as to each of the current offenses. Thereupon, the

defendant was tried by the court without a jury; was convicted upon each count; was sentenced to imprisonment in the state prison as to each count, the sentences to run concurrently; and appealed, contending that the judgment was in error because the combined offenses of which he was found guilty constitute only a single felony.

Subdivision (a) of section 476a of the Penal Code defines the offense of the issuance of a worthless check; contains no provision respecting the amount of such a check; and declares that such an offense ''is punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than 14 years.'' Subdivision (b) of that section provides that if the total of all such checks of which the defendant is charged and convicted ''does not exceed fifty dollars ($50), the offense is punishable only by imprisonment in the county jail for not more than one year, except that this subdivision shall not be applicable if the defendant has previously been convicted'' of a similar or other designated offense.

The defendant claims that, because each of the checks in question was for less than $50, although the total thereof exceeded that amount, he may be convicted of only one felony. In support of this position he relies upon the decision in *People* v. *Kennedy*, 210 Cal.App.2d 599 [26 Cal.Rptr. 696]. However, the decision in the cited case does not apply to instances where a defendant previously had been convicted of a worthless check charge. Were it not for the provisions in subdivision (b) of section 476a, the offense described in subdivision (a) of that section, regardless of the amount of the check involved, may be either a misdemeanor or a felony, depending upon the sentence imposed. Subdivision (b) expressly excepts from its provisions a defendant who previously had been convicted of a worthless check offense. The defendant herein suffered such a prior conviction and, for this reason, no limitation was imposed upon the trial court respecting its determination that each of the offenses charged against him under subdivision (a) should be treated as a felony.

This determination is in accord with the conclusion expressed by this court in *People* v. *Long*, 152 Cal.App.2d 716, 722 [313 P.2d 174], that ''By its own terms'' subdivision (b) does not apply to a defendant previously convicted of an offense referred to therein.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.