**UNITED STATES of America,
Appellee,**

v.

**Ciro Michael CARUSO, Appellant.
No. 295, Docket 30097.**

United States Court of Appeals
Second Circuit.

Argued March 11, 1966.

Decided April 6, 1966.

---

---

Michael A. Querques, of Querques & Isles, Orange, N. J. (Daniel E. Isles, Orange, N. J., on the brief), for appellant.

Samuel J. Heyman, Asst. U. S. Atty., New Haven, Conn. (Jon O. Newman, U. S. Atty., District of Connecticut, on the brief), for appellee.

Before SMITH, HAYS and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

On the morning of April 13, 1965, the appellant at gun point robbed a branch of the Connecticut National Bank in Fairfield, Connecticut of cash in excess of $100. As the alarm rang, he ran from the building, pursued by a bank employee. He was then observed by a Fairfield policeman who, after continuous pursuit, apprehended him a few minutes later on the highway. Caruso was taken to the Fairfield Police Station where for an hour and a half he was questioned by the local police and the F. B. I. He was directed to take off his clothes, which were searched. After Caruso put them on again, he was taken to a state court and arraigned. Following his commitment to the Fairfield State Jail, he was given regular prison garb, and his own clothes were turned over to the F. B. I. for use as evidence.

The appellant now complains that this seizure of his clothing was unlawful and that its use in evidence should have been suppressed. There is no question but that the arrest itself was in all respects lawful, as was Caruso's subsequent detention. The taking of the clothing was incident to the lawful arrest. He and his clothes were constantly in custody from the moment of his arrest, and the inspection of his clothes and the holding of them for use in evidence were, under the circumstances, reasonable and proper. Whalem v. United States, 120 U.S.App.D.C. 331, 346 F.2d 812, 813, cert. denied, 382 U.S. 862, 86 S.Ct. 124, 15 L.Ed.2d 100 (1965); Robinson v. United States, 109 U.S.App.D.C. 22, 283 F.2d 508, 509, cert. denied, 364 U.S. 919, 81 S.Ct. 282, 5 L.Ed.2d 259 (1960); United States v. Guido, 251 F.2d 1, 3–4 (7th Cir.), cert. denied, 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed.2d 843 (1958); Charles v. United States, 278 F.2d 386, 388–389 (9th Cir.), cert. denied, 364 U.S. 831, 81 S.Ct. 46, 5 L.Ed.2d 59 (1960); People v. Chiagles, 237 N.Y. 193, 142 N.E. 583, 32 A.L.R. 676 (1923).

Appellant argues on the basis of Preston v. United States, 376 U.S. 364, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964), that it is the time lapse of about six hours between the moment of arrest and the final taking and holding of his clothes by the F. B. I. which violated his Fourth Amendment Federal Constitutional rights. But this case is distinguishable from Preston because there the question concerned the search of an automobile long after the defendants had been put in jail. Here the clothes were constantly in sight, were taken on the person of the suspect at the time of arrest and were continuously in custody. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Barone, 330 F.2d 543, 544 (2d Cir. 1964), cert. denied, 377 U.S. 1004, 84 S.Ct. 1940, 12 L.Ed.2d 1053 (1964).

The appellant's contention means that the seizure of his clothing could have been made constitutionally only if, immediately on his arrest, he had been stripped to the buff on the public highway. Even though that April 13th may

have been a very pleasant spring day, we are of the opinion that the argument is somewhat extreme.

■ Caruso also appeals from the refusal of the trial judge to strike the testimony of a government witness where it appeared that the witness had previously testified before the Grand Jury but that no minutes of any testimony before the Grand Jury had been made. The trial judge properly denied the motion to strike. Where minutes of the testimony before the Grand Jury have been taken, the defense has the right to have the court inspect and consider them in relation to a witness' testimony at the trial to determine whether or not there are contradictory or inconsistent statements of which the defense may wish to avail itself on cross-examination. United States v. Giampa, 290 F.2d 83 (2d Cir. 1961). But, where as here, no minutes were in fact made, there is no ground for striking the testimony of the witness in the trial itself. The taking of Grand Jury minutes is not mandatory. United States v. Cianchetti, 315 F.2d 584 (2d Cir. 1963).

■ Another question raised by Caruso on his appeal concerns the portion of the prosecutor's closing argument in which he stated that the defense had just as much right to call one Moniuk to testify as the Government did, adding, "This applies to any other witnesses." He also made the statement that the jury had the right to consider the absence of witnesses but

"* * * you must also consider who has the right to bring him to court and whether they are equally available to both parties.

* * * * * *

* * * [defense counsel] could have called any witness he wanted."

Defense counsel objected and later moved for a mistrial. The appellant asserts that this, in effect, placed the burden of proof on the defendant and constituted a comment on the defendant's failure to take the stand. It is clear from the record that the prosecutor was only rebutting defense counsel's claim on his argument that the jury should draw an inference adverse to the Government because the Government had failed to call Moniuk, a bank employee, and presumably an eyewitness to the robbery, as a witness. Defense counsel suggested that, as a witness, she would have contradicted other Government witnesses. It is not disputed that the witness Moniuk was available to both parties and that she was called by neither. It is wholly unlikely that the jury would or could have taken the prosecutor's statement to mean that the defendant had the burden of proof or have regarded the argument as a comment on the defendant's failure to take the stand. United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957, 961 (2d Cir.), cert. denied, 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965). The motion for mistrial was properly denied.

■ The appellant also moved for a mistrial because, following defense counsel's statement that the case was important to the defendant, the prosecutor in his closing argument said, "* * * the case is also very important to the Government and to the F. B. I. as well." To this the defense interposed no objection. Later the prosecutor said, "* * * the Government has a vested interest in this case." An objection was made, and Judge Zampano promptly and properly instructed the jury to disregard it. While it would have been better if the Assistant U. S. Attorney had left these remarks unsaid, the first was not inflammatory or so prejudicial or damaging to a fair trial as to warrant the declaring of a mistrial, United States v. Ramos, 268 F.2d 878, 880 (2d Cir. 1959); Isaacs v. United States, 301 F.2d 706, 738 (8 Cir.), cert. denied, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962); and whatever notion the second statement may have generated in the minds of the jurors was eliminated by the judge's instruction.

■ The remaining question raised on this appeal concerns the refusal of the trial judge to charge that reasonable doubt is a doubt which, in the exercise

oi reason, may arise not only from a consideration of all of the evidence in the case but also from a lack of evidence. It would not have been error for the court to charge as requested, but this court has not made it a requirement that the trial judge, in charging on reasonable doubt, include the words "from a lack of evidence" or "from a want of evidence." United States v. Rinaldi, 301 F.2d 576, 578 (2d Cir. 1962). The charge as a whole correctly conveyed to the jury the concept of reasonable doubt.

There is no error and the judgment of conviction on both counts is affirmed.