# FELIX JOHN ARABIA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 5099

December 20, 1966                    421 P.2d 952

[Rehearing denied January 19, 1967]

*Mendoza, Foley & Garner* and *Douglas J. Shoemaker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, and *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

454

# OPINION

By the Court, COLLINS, J.:

Appellant was charged with and convicted of the crime of possession of narcotics (marijuana). The trial court refused to suppress evidence of his possession of the marijuana and he appeals from that order and his conviction. We feel the ruling was correct and affirm the conviction.

At approximately 8:15 a.m., in the 1400 block of Maryland Parkway, City of Las Vegas, Nevada, appellant was observed by a police officer driving in an erratic manner. He was weaving back and forth across the dividing line of the northbound lane and traveling approximately 25–30 miles per hour in a school zone posted for 15 miles per hour. He was stopped, and observed by the officer to be unsteady on his feet, with slurred speech, bloodshot eyes and the odor of alcohol on his breath. With the assistance of another officer, a field sobriety test was administered and appellant was arrested without a warrant for driving under the influence of alcohol. The record indicates no attack upon the legality of that arrest.

At the scene appellant was cursorily searched, with no weapons or contraband being found. He was transported to the police station, located in the City Hall, approximately two miles away. At this time the municipal court was in session in the same building.

Appellant was booked and while emptying his pockets at the desk a package of cigarette papers was observed. He was then taken to the jail section and ordered to

exchange his clothes for jail garb. An officer, while helping him, found in an inside coat pocket a polyethelene bag containing marijuana. About twenty minutes had elapsed since his initial arrest. He was then re-arrested, later charged and convicted of possession of narcotics.

Appellant contends: that the trial court should have suppressed the evidence; that his conviction was unlawful because the search was not contemporaneous in time or place with the arrest; that the search and seizure were not reasonable under the circumstances of the arrest; that the search was invalid because appellant was illegally held at the time; that appellant did not consent to the search; that he had standing to complain; and that the admission of the evidence so seized was prejudicial. We find no merit to these contentions.

Appellant was lawfully arrested without a warrant for a misdemeanor committed in the presence of the police officer. This entitled the officer to search the person of the accused and to seize weapons, contraband, fruits or implements of the crime without a warrant. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B 834 (1914); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409 (1925); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790 (1925). The search must be substantially contemporaneous with and confined to the immediate vicinity of the arrest. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); Agnello v. United States, supra; Thurlow v. State, 81 Nev. 510, 406 P.2d 918 (1965).

Does the inventory at the booking desk (where the cigarette papers were found) and the security check on admission to jail (where the marijuana was found) constitute a search within the restrictions of the Fourth Amendment of the Constitution of the United States and the law of this state? We think that it does but, under the circumstances, it was not unreasonable, hence not a search prohibited by the Federal Constitution. This

right to search and seize without a warrant extends to things under the accused's immediate control, Carroll v. United States, supra. This is not a case where there was a search of an automobile, Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Thurlow v. State, supra, nor of a house, Agnello v. United States, supra; Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); but the immediate person of the defendant. This search did not invade the orifices of the body such as the mouth, People v. Sanchez, 11 Cal.Rptr. 407 (1961); the rectum, Blackford v. United States, 9 Cir., 247 F.2d 745 (1957); or the stomach, Blefare v. United States, 9 Cir., 362 F.2d 870 (1966), but his clothing. Can anyone doubt if the officer had found the marijuana when he frisked appellant at the car there would have been any problem whatsoever with its admission into evidence?

The search of appellant's clothing at the booking desk and upon entry into jail was a *continuation* of the lawful search commenced at the automobile and not unreasonable. United States v. Caruso, 2 Cir., 358 F.2d 184 (1966); People v. Montgomery, 252 N.Y.S.2d 194 (1964).

Furthermore the evidence found was contraband, Bringegar v. State, 97 Okl.Cr. 299, 262 P.2d 464 (1953), and its possession was illegal per se. NRS 453.030.[1] A continuing felony was being committed in the officers' presence.

This is not a case where the evidence seized was per se legal but would lead to other evidence demonstrating criminal culpability. Nor was the search one where force or deception was employed. United States v. Gorman, 2 Cir., 355 F.2d 150, 157, 159 (1965). It was simply a case where contraband, illegal per se, was inadvertently found on the person of defendant during a reasonable

---

[1] "453.030 Acts prohibited. It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in NRS 453.010 to 453.240, inclusive."

search incident to a lawful arrest. Harris v. United States, 10 Cir., 151 F.2d 837 (1945) ; Annot., 169 A.L.R. 1413, 1419, aff'd 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. Further, appellant and his clothes were constantly in custody and sight from the moment of his initial arrest until the marijuana was found. The search and seizure under the circumstance were reasonable. United States v. Caruso, supra, and cases cited therein. The record fails to disclose the police had any reason to suspect appellant of being in possession of narcotics and had employed the traffic misdemeanor arrest as a deception or means of fraud or force to search him for evidence of a felony. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). Further, this search consisted of nothing more than that which is occasioned by normal and accepted booking procedures customary to an arrest under these circumstances.

We do not feel the search was conducted at a time when appellant was illegally held, thus making any search unlawful. The evidence indicates he was intoxicated to an extent he was unsteady on his feet and had to be helped in the booking procedure and at the jail in removing his clothes. We cannot say it was unreasonable or in contravention of the ordinance of the City of Las Vegas, Title 10, Chap. 21, Section 2,[2] or the Nevada

---

[2]"WHEN PERSON ARRESTED MUST BE TAKEN IMMEDIATELY BEFORE A MAGISTRATE: Whenever any person is arrested for a violation of this Code punishable as a misdemeanor, the arrested person shall be immediately, or as soon as court time permits, taken before a magistrate, in any of the following cases:

"(A) When a person arrested demands an immediate appearance before a magistrate;

"(B) When the person is arrested upon a charge of negligent homicide;

"(C) When the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs;

"(D) When the person is arrested upon a charge of intoxication in or about a vehicle;

"(E) When the person is arrested upon a charge of failure to stop in the event of an accident causing death, personal injury or damage to property;

"(F) In any other event when the person arrested refuses to give his written promise to appear in court as hereinafter provided."

Statutes, NRS 171.200 and 171.300,[3] not to take him immediately before a magistrate for arraignment and fixing of bail in that condition of intoxication. This is so even though a magistrate was in the same building and technically available at the time of the booking procedure on the misdemeanor charge. It might have been a better practice to take him before the magistrate in his intoxicated condition and let the magistrate continue the arraignment until appellant were sober, if that be his pleasure.

In view of the foregoing holding it is unnecessary to decide the other contentions of error.

Affirmed.

ZENOFF, D. J., concurs.

THOMPSON, J., concurring:

I agree with the majority opinion, but wish to add a comment. The Fourth Amendment proscription against unreasonable searches and seizures is aimed at protecting one's right of privacy (Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), 84 A.L.R.2d 933; Kaplan, Search and Seizure, 49 Cal.L.Rev. 474, 481 (1961), and at the deterrence of unlawful police activity (People v. Cahan, 44 Cal.2d 434, 282 P.2d 905 (1955)). Those aims are not frustrated by the conduct here in question. One's right of personal privacy is dramatically diminished when he has been lawfully placed in jail. He

---

[3]"171.200 Defendant to be taken before magistrate without delay. The defendant must, in all cases, be taken before the magistrate without unnecessary delay."

"171.300 Person arrested without warrant to be taken before nearest magistrate; complaint laid before magistrate.

"1. Except as provided in subsection 2, when an arrest is made without a warrant by a peace officer or private person, the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and a complaint, stating the charge against the person, must be laid before such magistrate.

"2. When an arrest is made without a warrant by a member of the Nevada highway patrol acting pursuant to the duties prescribed by NRS 481.180, or by an inspector or field agent of the motor carrier division of the department of motor vehicles, the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate having jurisdiction, and a complaint, stating the charge against the person, must be laid before such magistrate."

must then submit to reasonable measures designed to promote jail security and the orderly handling of inmates. The segregation of prisoners and the inventorying of their personal belongings is a matter of internal police administration, and does not offend the purposes of the Fourth Amendment. During the period of police custody, an arrested person's personal effects, like his person, are subject to reasonable inspection, examination, and test. People v. Chiagles, 237 N.Y. 193, 142 N.E. 583 (1923). See also Nootenboom v. State, 82 Nev. 329, 418 P.2d 490 (1966); United States v. Caruso, 2 Cir., 358 F.2d 184 (1966); People v. Rogers, 50 Cal.Rptr. 559 (1966); People v. Long, 152 Cal.App.2d 716, 313 P.2d 174 (1957).