JERRY D. ROBERTSON, GEORGE R. McCRAY AND JAY J. REGAS, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 5506

September 27, 1968                    445 P.2d 352

*J. Rayner Kjeldsen,* and *Nelson, Santos, Bull & Hickey,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Virgil D. Dutt,* Deputy District Attorney, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This is an appeal from denial of habeas corpus following indictment of petitioners by the Grand Jury of Washoe County for robbery. We affirm the lower court ruling.

The record of evidence received by the grand jury shows that on September 18, 1967 at 4:30 a.m., the Continental Lodge in Reno was robbed by three men. Two wore silk stockings over their faces. The third man did not. They tied up and blindfolded their victim-employees. The robbers took money, receipts and checks from the lodge. When the employees freed themselves they called the police. One masked robber was described as wearing a black top and black trousers. The second masked robber was described as wearing a black top and brown trousers, taller than the first with lighter colored hair and a receding hair line. The unmasked robber was described as wearing dark clothing, dark gloves and carrying a gun and a blackjack.

The police broadcast the fact of the robbery to all units. Officer Gary O'Neill, an automobile patrolman, heard the alarm and commenced a police trained lookout for the bandits.

He observed an automobile in the vicinity of the lodge which caught his attention. His suspicion was aroused when he observed that the auto rolled through a stop sign at an intersection and that it was making good speed away from the lodge. He pulled close to the auto and saw two people in the front and clothes in the back. He called for a stolen car check which was negative and about the same time received a description of the robbers. He then decided to stop the car for investigation and when requested cover from other police units arrived, they asked the occupants outside for identification. Three persons got out of the car, two of whom matched the description of the robbers, one with a receding hair line and two wearing dark clothing. The officers observed from outside the car dark colored gloves and a blackjack. The three persons were arrested, identified themselves as petitioners above named, and the automobile was searched. In the back seat of the automobile they found boxes in a pillow slip with money, receipts and checks from the Continental Lodge.

On September 25 a criminal complaint was filed against them and they were arraigned. On October 13 the grand jury indicted them. On October 19 they petitioned for habeas corpus which was denied on October 23 and from which they take this appeal.

The issues are these:

1. Was there sufficient evidence justifying grand jury indictment of petitioners?

2. Does receipt of some hearsay evidence by the grand jury preclude an indictment under the "legal and best evidence" requirement of NRS 172.260?

3. Could petitioners be detained for investigation and thereafter arrested and searched?

4. Were petitioners' rights to a speedy trial violated?

1. There can be no serious question from the record in this case that evidence received by the grand jury in returning its indictment against these appellants satisfied the requirements of the Nevada statute (NRS 172.280) as interpreted by our cases. Ex parte Stearns, 68 Nev. 155, 227 P.2d 971 (1951); Ex parte Kline, 71 Nev. 124, 282 P.2d 367 (1955); State v. Eddington, 83 Nev. 359, 432 P.2d 87 (1967).

2. Though inadmissible hearsay testimony may have been adduced before the grand jury contrary to NRS 172.260(2), still if there is the slightest sufficient legal evidence and best in

degree appearing in the record the indictment will be sustained. State v. Logan, 1 Nev. 509 (1865).

3. It is now the settled law of this state that an officer may stop the occupants of an automobile for legitimate police investigation so long as there is probable cause for that action. United States v. Kuntz, 265 F.Supp 543 (N.D. N.Y. 1967); People v. Rivera, 201 N.E.2d 32 (N.Y. 1964), Cert. denied, 379 U.S. 978 (1965); Terry v. Ohio, 392 U.S. 1 (1967); Harper v. State, 84 Nev. 233, 440 P.2d 893 (1968, concurring opinion of THOMPSON, C. J.). This action is proper even though there is not probable cause for arrest at the moment. But if the investigation conducted, together with knowledge originally available to the officers combines to supply probable cause for arrest, it may then be made, and a reasonable, incidental search conducted. People v. Mickelson, 380 P.2d 658 (Cal. 1963). The record in this case discloses that rule was correctly followed by Officer O'Neill.

4. We see nothing in the pre-indictment handling of this case to warrant quashing of indictment as a violation of the speedy trial mandate of the federal or state law. In any event, temporary illegal detention is cured after the detention becomes lawful. Victoria v. Young, 80 Nev. 279, 392 P.2d 509 (1964).

The ruling of the lower court denying release through habeas corpus is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.