MICHAEL LEE HAMILTON, Appellant, *v.* SHERIFF,
ELKO COUNTY, NEVADA, Respondent.

No. 9116

October 25, 1976                           555 P.2d 489

*Horace R. Goff,* State Public Defender, Carson City; and
*John J. Kadlic,* Deputy, Elko, for Appellant.

*Robert C. Manley,* District Attorney, Elko County, for
Respondent.

## OPINION

By the Court, Zenoff, J.:

On April 29, 1976, Michael Lee Hamilton was a passenger
in an automobile owned and driven by Karl Pappas. Wells
Police Officers had received a radio broadcast from Elko
Police that the two men were headed in the direction of Wells
and were transporting marijuana. The officers recognized and

stopped the vehicle as it approached *Wells*. After Pappas consented to a search of his automobile, eight bags of marijuana were found in the back seat. The two men were arrested.

At the conclusion of a preliminary examination, Hamilton was ordered to stand trial for possession of a controlled substance (marijuana), a felony under NRS 453.161 and 453.-336. He then sought and was denied habeas relief and has now appealed.

The thrust of Hamilton's argument below, and here, is that the arrest was invalid because the incriminating information was given to the Elko Police by an unidentified informant.

1. In order to make a valid warrantless arrest based upon information received from an informant, there must be a showing of the "underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable.' " McCray v. Illinois, 386 U.S. 300, 304 (1967), citing Aguilar v. Texas, 378 U.S. 108, 114 (1964). Here, the police officer to whom the information was supplied testified that he had known the informant for approximately a year and that he had received accurate information from him on two previous occasions. Furthermore, the informant was able to describe with considerable accuracy the circumstances surrounding this particular incident. See Draper v. United States, 358 U.S. 307 (1959).

We perceive no error in the trial judge's determination that there was sufficient reliable information to allow the police officers to stop Pappas's vehicle. The arrests were, therefore, valid. See Robertson v. State, 84 Nev. 559, 445 P.2d 352 (1968).

2. Hamilton also suggests "that absent illegally obtained evidence and testimony there was insufficient evidence to bind [him] over for trial; . . ." This challenge to the incriminating evidence is not cognizable in habeas; rather, it should be raised through a motion to suppress, as contemplated by NRS 174.125. See Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969), and its progeny.

Other contentions are also without merit.

Affirmed.

Gunderson, C. J., and Batjer, Mowbray, and Thompson, JJ., concur.