OZIE WASHINGTON, APPELLANT, v. THE STATE
OF NEVADA, RESPONDENT.

No. 9683

April 7, 1978                                    576 P.2d 1126

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*George E. Holt,* District Attorney, *H. Leon Simon,* Chief Deputy District Attorney, and *Elliott Sattler,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

We are asked to void the appellant's burglary conviction. He contends that the evidence of his guilt is insufficient; that the trial judge improperly commented upon his right not to testify; and, that his arrest was not for probable cause.

We summarily reject his first contention, that of insufficient proof. The circumstances were of such nature as to allow the jury conclusion of guilt, Wheeler v. State, 91 Nev. 119, 120, 531 P.2d 1350 (1975), and presented a fact determination beyond our power to disturb. Nev. Const. art. 6, § 4; Azbill v. State, 88 Nev. 240, 252, 495 P.2d 1064 (1972). Therefore, we turn to comment upon the other claims of error.

1. A person charged with having committed a crime shall not be compelled to be a witness against himself. U.S. Const. amend. V; Nev. Const. art 1, § 8. Consequently, it may be reversible error for a judge or prosecutor to comment upon a defendant's failure to testify. Griffin v. California, 380 U.S. 609 (1965); Chapman v. California, 386 U.S. 18 (1967); Fontaine v. California, 390 U.S. 593 (1968); Anderson v. Nelson, 390 U.S. 523 (1968); cf. Bean v. State, 81 Nev. 25, 36, 398 P.2d 251 (1965); Fernandez v. State, 81 Nev. 276, 278, 402 P.2d 38 (1965).

In the case at hand the judge, at the conclusion of the State's case in chief, told the jury, among other things, that after a recess, "we will start testimony from the defendant." Obviously, such comment does not concern the defendant's failure to testify, nor does the record suggest that it compelled the defendant to take the stand. When considered in context, the judge was merely saying that the defense was about to present its case. This claim of error is without substance.

2. The Fourth Amendment to the U.S. Constitution, enforcible against the states through the Fourteenth, Mapp v. Ohio, 367 U.S. 643 (1961), commands that no warrants for either searches or arrests shall issue except upon "probable cause. . . ." NRS 171.124 suits the constitutional standard for it restricts the authority of an officer to make a felony arrest without a warrant to offenses committed in his presence, or to instances where he has reasonable cause to believe that the person arrested has committed a felony.

The constitutional validity of an arrest without a warrant for a felony not committed in the officer's presence depends upon whether, at the moment the arrest is made, he had probable cause to make it. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing

that a felony has been committed by the person arrested. Nootenboom v. State, 82 Nev. 329, 334, 418 P.2d 490 (1966); Hinton v. State, 84 Nev. 68, 71, 436 P.2d 223 (1968).

Moreover, we have distinguished between probable cause to stop an occupant of a car for legitimate investigation, and probable cause to arrest him. Circumstances short of probable cause for arrest may justify an officer stopping a motorist for questioning, and should the investigation then reveal probable cause to make an arrest, the officer may arrest the suspect and conduct a reasonable incidental search. Harper v. State, 84 Nev. 233, 240, 440 P.2d 893 (1968); Robertson v. State, 84 Nev. 559, 562, 445 P.2d 352 (1968); Johnson v. State, 86 Nev. 52, 53, 464 P.2d 465 (1970). With these established principles in mind, we recite the relevant facts leading to the arrest of Washington.

Police were informed that a burglary was committed at Karen Court by a tall, slender black man wearing a tan jacket and a multicolored knit hat who drove away on Sahara Boulevard in a red car. This information was broadcast by police radio. Officers driving on Sahara noticed a red car slowing for a stop light. The driver was a slender black man. They stopped the car to investigate, and then noticed a tan coat and multicolored hat on the seat of the car. The officers placed the driver under arrest.

Probable cause to stop to investigate, and then to arrest is apparent. Johnson v. State, supra. The officers knew that a felony had been committed. They were in the area where the crime had occurred. The suspect and his car matched the description given over police radio.

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.