OPINION OF THE COURT
Howard E. Goldfluss, J.
At the present there are conflicting mandates concerning the constitutionality of subdivision 3 of section 265.15 of the Penal Law, the "Presumption Statute”. The section makes the presence in an automobile of a firearm presumptive evidence of its possession by all persons occupying such automobile at the time such weapon is found, with three exceptions that are inapplicable in the case herein.
In the Federal jurisdiction, the United States Court of Appeals for the Second Circuit has found the statute unconstitutional on its face (Allen v County Ct, Ulster County, 568 F2d 998). The Court of Appeals of the State of New York in the same case under the name of People v Lemmons (40 NY2d 505) inferentially found the statute constitutional by affirming the conviction of three of the defendants who were present in *91 an automobile and who did not physically or constructively possess the weapon.
In the case before this court, the defendant Alston is indicted while acting in concert with another, for criminal possession of a weapon in the third degree, and of criminal possession of stolen property (i.e., the weapon itself), both possessory crimes.
Pursuant to a prior order, the transcript of the Grand Jury proceedings was produced and the court has read same with regard to a motion for dismissal by the defendant Alston. If the defendant is to be tried in this case, he must be held for trial solely on the presumption. There was no testimony that the gun was in plain view, or that he did or could have exercised dominion or control over the weapon, or that the defendant Alston knew or should have known about the presence of the weapon.
The officer testified that his partner saw the codefendant Simmons "put something or make a motion as if putting something under the seat of the car.” (The gun was eventually recovered from that location.) It is not clear from the testimony as to exactly where Alston was seated. As a matter of fact he is not mentioned in the Grand Jury testimony at all except for the fact that he was an occupant of the vehicle and was placed under arrest.
The judicial dilemma in making a determination herein is underscored by the principle that if there exists a conflict between the United States Court of Appeals and the New York State Court of Appeals, the ruling of the State court controls. (See People v Malloy, 21 AD2d 904; Walker v Walker, 51 AD2d 1029.) Only the Supreme Court of the United States has binding effect in such a situation as the lower Federal courts exercise no appellate jurisdiction over State tribunals. (See United States ex rel. Lawrence v Woods, 432 F2d 1072, cert den 402 US 983.)
Nevertheless, a Federal District Court Judge has found the statute unconstitutional as applied and the Circuit Court of Appeals went further and found the statute unconstitutional on its face. This is an extreme action, and must be considered, especially in light of the well-established principle as set down by the Supreme Court of the United States that a court should scrutinize the constitutionality of a statute only as applied in the case before it. (See Broadrick v Oklahoma, *92 413 US 601; United States v Raines, 362 US 17; Ashwander v Tennessee Val. Auth., 297 US 288.)
It is apparent that the inevitable determination must be made by the Supreme Court. The problem is that such determination may be long coming, and arrests will be made under the presumption statute during such interim. The avoidance of coming to grips with the problem until such decision is rendered could be a judicial convenience, but it would be hardly equitable to place litigants in legal limbo to their mutual prejudice for an indefinite period.
In Lemmons (40 NY2d 505, supra), the police ascertained that the driver of the vehicle was wanted by the authorities of another State for a weapons violation. He was placed under arrest for being a fugitive from justice. The officer, seeking to ascertain the identity of the three other occupants, one woman in the front seat and two men in the rear seat, looked into the window on the passenger side and saw a woman’s open handbag on the floor between the door and the front seat. He saw a portion of the pistol protruding from the bag. After placing all the defendants under arrest, the bag was searched and two loaded pistols were found therein.
In affirming the conviction, Judge Jasen, writing for the majority, held that the presumption had in fact raised an issue which was decided by the jury, and it was not error to submit that issue to them. Quoting Judge Jasen (p 511): "The placement of a weapon in a handbag does not necessarily indicate that the owner of a handbag is in sole and exclusive possession of the weapon. Whether the owner of the handbag is the sole possessor of the weapon depends upon the access to the bag that others may have and whether the others have knowledge of its contents.” The court, therefore, decided in effect that under the facts presented at the trial, the jury could correctly determine that the guns were not found "upon the person of one of the occupants” which would have absolved the other defendants as exclusive possession is an exception to the presumption statute.
Judge Wachtler in his dissent takes sharp issue with this finding. He states that since the female defendant expressly admitted that it (the bag) was her possession, "an inference that all the occupants possessed these weapons hardly follows, naturally and rationally, from these circumstances.” (40 NY2d 505, 515, supra.)
The history of the Supreme Court’s attitude toward *93 presumption statutes indicates that the court has cast a cautious eye on statutes which create criminal presumptions. It has, in fact, made it clear that a "criminal statutory presumption must be regarded as 'irrational’ or 'arbitrary,’ and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend” (Leary v United States, 395 US 6, 36).
That relation between the fact activating the presumption (i.e., the proven fact) and the presumed fact is the basis for determination of the constitutionality of the statutory presumption (see United States v Gainey, 380 US 63; United States v Romano, 382 US 136). The implication of Leary (supra) and the latter cases is that a court must satisfy itself that proved and presumed facts are related, and that a legislative assertion that such is the case may not be blindly accepted. Facts must be developed through judicial notice if necessary of a presumption’s empirical validity (see, also, United States v Gonzalez, 442 F2d 698, 707, n 4, cert den sub nom. Ovalle v United States, 404 US 845).
Therefore, this court, while not having the benefit of a final determination by the Supreme Court as to the constitutionality of subdivision 3 of section 265.15 of the New York State Penal Law, has precedents which establish guidelines and directions to utilize in the making of such determination. Applying these formulae, and especially the test set down in the Leary case (supra), it cannot be said with substantial assurance that an inference of possession of the gun by the defendant Alston is more likely than not to flow from the gun’s presence in the vehicle. There was not a scintilla of evidence submitted to the Grand Jury that Alston had access to the gun within his immediate control or reach, nor that the gun was available to him for his use if he so desired,* nor that he could possibly have possessed it according to the definition of the term "possess” as stated in subdivision 8 of section 10.00 of the Penal Law: "To have physical possession or otherwise to exercise dominion or control over tangible property.” Only testimony of Alston’s mere presence in the vehicle was presented. His location in the vehicle was not referred to. Without more, it would be totally illogical to conclude that the *94 "presumed fact” as to Alston could flow from the gun’s presence in the vehicle.
As the court pointed out in Allen (568 F2d 998, supra), the fact that the presumption is rebuttable is not a persuasive argument. It defies every concept of fair justice to compel this defendant to meet an inference that could not be rationally drawn from the facts proved.
There is no finding in this decision that the statute is unconstitutional on its face. It is respectfully submitted that the Second Circuit Court of Appeals in so doing and in expanding on the opinion of the District Court wherein Judge Owen found the statute unconstitutional as applied, turned away from the traditional approach to the testing of the constitutionality of a State statute as set forth in Broadrick v Oklahoma (413 US 601, supra), United States v Gainey (380 US 63, supra) and Ashwander v Tennesse Val. Auth. (297 US 288, supra). Legislative acts have a strong presumption as to constitutionality and a court should uphold a legislative act wherever possible (People v Nebbia, 262 NY 259) and should not declare a statute unconstitutional unless required to do so by the most cogent reasons or compelled by unanswerable grounds. Alternatives to a finding of unconstitutionality must be sought because it is the obligation of a court to construe a statute to preserve its constitutionality wherever possible (People v Epton, 19 NY2d 496; People v Heller, 33 NY2d 314).
As Judge Timbers stated in his learned opinion in the Allen case (568 F2d 998, 1011, supra), in which he joined in the majority’s affirmance but voted to declare the statute unconstitutional as applied. "The difficulties concomitant to an analysis of the facts of a particular case should not impel us unnecessarily to reach a holding with respect to the constitutionality of a statute on its face.”
It therefore becomes apparent that the responsible approach to the presumption statute is to decide the merits of the constitutional issue as they apply to a particular case. Notwithstanding the Circuit Court’s eventual holding, Judge Mansfield refers to the inference as dependent upon many variables such as the number of occupants in the car, the nature of the relationship between them, the ownership or past use of the automobile, and their familiarity with the size, location and visibility of the gun.
It is conceivable from these examples that circumstances could arise which could pass the test as set down in Leary *95 (395 US 6, supra). Therefore, the presumption could in certain cases operate in a logical, reasonable, equitable, and constitutional manner, and as Judge Timbers points out, any future abuse of the presumption may be remedied when and if it occurs..
Having decided that it would in effect be an abuse to apply the presumption relating to the facts presented herein, the presumption statute is found unconstitutional as applied to the defendant Alston, and accordingly the indictment as to Alston is dismissed.

 This finding is not necessarily inconsistent with the Court of Appeals decision in Lemmons (40 NY2d 505, supra), because it based the affirmance on such access.