597 P.2d 557

**The STATE of Arizona, Appellee,**

v.

**Anthony Leroy REEDER, Appellant.**

**Nos. 2 CA–CR 1599, 2 CA–CR 1628–2.**

Court of Appeals of Arizona, Division 2.

June 12, 1979.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Anne-Marie Brady, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was tried to a jury, convicted of grand theft and sentenced to the Arizona State Prison for a term of not less than six nor more than nine years. On the day this sentence was to commence, he was arrested and charged with second-degree burglary, tried to a jury, convicted and sentenced to the Arizona State Prison for no less than three nor more than four years to run consecutive to the sentence on the grand theft charge.

On this appeal, appellant contends the trial court erred in not suppressing evidence seized when police searched his effects at the jail three days after his arrest without first obtaining a search warrant. He also contends the sentences imposed were excessive. We disagree and affirm.

Appellant's grand theft sentence was imposed on August 30, 1978, to commence January 6, 1978. On January 6, appellant was arrested and charged with second-degree burglary. A motion to suppress certain evidence was heard and the following facts were brought out.

Appellant was taken to the Pima County Jail and booked on the burglary charge on the afternoon of January 6, 1978. Three days later, Detective Olson learned from the victim of the burglary that in addition to a television, a stainless steel digital watch had been stolen. Without obtaining a warrant, the detective proceeded to the Pima County Jail, inspected the envelope containing appellant's property, which had been taken during the booking-in procedure, and took a stainless steel digital watch. This occurred on a Monday, during normal working hours, when a search warrant could have been obtained easily.

The stainless steel watch, identified by the victim as his, was the subject of the motion to suppress. After the motion was denied, the watch was introduced into evidence.

■ Appellant contends that the police could have obtained a search warrant and should have done so. The test, however, is not whether it was reasonable to procure a search warrant, but whether the search itself was reasonable. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). In *Edwards*, the defendant's clothing that he was wearing at the time of his arrest was taken from him for examination the following day when substitute clothing was provided. The United States Supreme Court held that the warrantless seizure of his clothing was reasonable and valid under the Fourth Amendment. The court quoted from *United States v. Caruso*, 2 Cir., 358 F.2d 184, cert.

den. 385 U.S. 862, 87 S.Ct. 116, 17 L.Ed.2d 88 (1966):

" 'He and his clothes were constantly in custody from the moment of his arrest, and the inspection of his clothes and the holding of them for use in evidence were, under the circumstances, reasonable and proper.' 358 F.2d at 185." 415 U.S. at 807, 94 S.Ct. at 1239.

The Supreme Court noted that *Caruso* typifies the federal cases holding that where an accused is lawfully arrested and in custody, the effects in his possession at the place of detention subject to search upon his arrest may lawfully be searched and seized without a warrant "even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other." 415 U.S. at 807, 94 S.Ct. at 1239. The court placed its imprimatur on the procedure in the instant case, using the following language:

"This is true [the lawful taking of evidence without a warrant] where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the 'property room' of the jail, and at a later time searched and taken for use at a subsequent criminal trial. [citations omitted]" 415 U.S. at 807, 94 S.Ct. at 1239.

In *United States v. Oaxaca*, 569 F.2d 518 (9th Cir. 1978), cert. den. 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1978), the court upheld the warrantless removal of the defendant's clothing from the jail property room and the taking of his shoes directly from his person while he was still in custody, accomplished six weeks after his arrest. Relying on *Edwards*, the court stated:

"To require a warrant under these circumstances would be to require a useless and meaningless formality." 569 F.2d at 524.

■ This statement is equally applicable here. We find *Edwards* dispositive and deem it unnecessary to discuss inapposite authorities cited by appellant. E. g., *Pre-*

*ston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), where the court found a warrantless search of an automobile too remote in time or place to have been made incidental to the arrest; *State v. Madden*, 105 Ariz. 383, 465 P.2d 363 (1970), where the court applied the *Preston* rationale to invalidate an automobile search.

We have considered appellant's presentence report and find a background of criminal activity including numerous larceny convictions, burglaries, assaults, escapes and other crimes, which we deem unnecessary to itemize. Suffice it to say that his criminal background is extensive. The sentences imposed are within the statutory limits and we find them appropriate.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concurring.