[Crim. No. 3666. First Dist., Div. Two. Feb. 1, 1960.]

THE PEOPLE, Respondent, v. DON FRANKLIN
WILLIAMS, Appellant.

Don F. Williams, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DRAPER, J.—Defendant pleaded guilty to violation of Penal Code, section 12021—possession of a concealable firearm by one who has been convicted of a felony. He filed notice of appeal, and thereafter filed in this court a document entitled "Petition for Writ of Error Coram Nobis." By order dated June 17, 1959, we denied the petition for writ, but ordered that the document be considered as his opening brief on appeal. He has filed no further brief, the appeal has been calendared and submitted and is now before us for decision.

[■■] A judgment entered on a plea of guilty is not appealable on the merits, and we can review only such irregularities as go to "the jurisdiction or legality of the proceedings." (*Stephens* v. *Toomey*, 51 Cal.2d 864, 870 [338 P.2d 182].)

■■ Although this proceeding was commenced in the city and county of San Francisco, the offense actually was committed in San Mateo County. However, San Francisco had jurisdiction if the offense was committed within 500 yards of the common boundary lines of the two counties. (Pen. Code, § 782.) At the preliminary hearing, an assistant city engineer testified that the motel where the gun was found was entirely within 1,500 feet of the boundary line. The public defender moved to strike this testimony on the ground that "no proper foundation has been laid." While detailed qualification of the witness had not been shown, he had identified himself as an assistant city engineer. ■■ Restrictive rules are not rigidly applied to evidence establishing a county boundary. (*People* v. *Velarde*, 59 Cal. 457, 459.) ■■ In any event, there was no prejudice, since the location was adequately established by a United States Coast and Geodetic Survey map introduced in evidence (*City of Oakland* v. *Wheeler*, 34 Cal.App. 442, 451 [168 P. 23]), and by testimony of a police officer (*People* v. *Ford*, 81 Cal.App.2d 580, 582 [184 P.2d 524]).

[■■] Appellant also asserts that the trial court erroneously determined that he was ineligible for probation. The record, reasonably construed, does not bear out the claim. Rather, defendant requested immediate sentencing, without delay for reference to the probation officer. The trial judge stated that, in the absence of a probation report, the court would have no

basis for leniency. Defendant nonetheless insisted upon sentence without such report.

Appellant argues that the trial court could not, in considering probation, take notice of admitted prior convictions which were charged in the information but had been dismissed upon his pleading guilty. If prior convictions were in fact considered, such consideration was proper. Prior convictions admitted by defendant may be considered by the court on an application for probation even if they are not charged. (*People* v. *Tell*, 126 Cal.App.2d 208 [271 P.2d 568].) We see no reason to apply a different rule where the charge of priors, once made, is dismissed upon a plea of guilty.

The other points raised by appellant do not go to the issue of jurisdiction, and are not properly reviewable on this appeal. Our denial of the writ of error *coram nobis* disposed of these issues.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.