[Crim. No. 7730.   Second Dist., Div. One.   Apr. 2, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. VIRGINIA CAROL AMBROSE, Defendant and Appellant.

Russell E. Parsons and Edward I. Gritz for Defendant and Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant was accused of grand theft from the person in violation of section 487, subdivision 2, of the Penal Code. She admitted an allegation in the information that she had been convicted previously of a felony (in Texas—burglary, forgery, and theft). Trial by jury was waived. Upon stipulation, the case was submitted upon the transcript of the preliminary examination, with the right to offer additional evidence. Defendant was adjudged guilty of attempted grand theft, a felony. She appeals from the judgment and sentence.

Appellant asserts that the evidence was not sufficient to support the judgment and that the corpus delicti was not established.

On October 27, 1960, about 4:30 p. m., Miss Miramon was in Newberry's store at Fifth and Broadway Streets in Los Angeles for the purpose of shopping. She was carrying a purse which contained a small blue card case, and a ring with a white stone. Her purse was not open when she entered the store, but later there was a lot of confusion in the store and she turned around and noticed that her purse, which she was carrying on her left side, was open. Many persons were nearby at that time, and she saw the defendant "close by" her left side. The many persons who were there were shoving and pushing, and she did not know whether the defendant touched her arm. She did not see the defendant take anything out of her purse. The ring was worth about 10 cents.

Officer Wiseman, a police officer for the city of Los Angeles, testified as follows: While he was working "off duty" at Newberry's on said October 27, about 4:35 p. m., he saw Miss Miramon (referred to as the victim) standing at a counter in the store, and at that time her purse was open and the defendant was standing directly behind her. He saw the defendant move to the left side of the victim and reach, with her right hand, inside the purse and pull out a wallet (card case—Exhibit 1). Then he (officer) moved toward the victim and the defendant, and at that time the defendant dropped the card case and it landed on top of the victim's purse—landed sideways inside the purse and was sticking up on top. He grabbed the defendant with his right hand, and he removed the case with his left hand. A dollar bill was in the case. He took defendant into custody, and she said that she found the case on the floor and dropped it into the victim's purse, and then she "pulled on her purse to let her know." He (officer) put the case in his coat pocket, and thereafter he noticed that the ring (Exhibit 2) was in the same pocket in which he had put the case.

Defendant testified as follows: She was in the store, which was very crowded, and while she was on the way out "there was a line of people coming against the counter." She was talking to a woman who said, "The woman there whose purse is open, will you touch her?" She (defendant) touched that woman on the shoulder and kept walking. Just before she was at the door, this officer came to her and said he wanted to talk to her. They went to the back of the store. When she asked what he wanted to talk about, he handcuffed her and told her what "it was." She told him to get the woman whose purse was open. He brought the woman to that place, and he asked her if she knew that her purse was open. She replied, "No." He asked her if she missed anything from her purse. She replied, "No." The officer told the woman that defendant had taken something out of the purse and had put it back. The woman said that she had not lost anything. The officer took the woman outside and talked to her. When they returned the woman said that she had not lost anything, that she had nothing against defendant "to go to court for," and that she did not see defendant take anything from her. She (defendant) did not put her hand in the woman's purse "or anything like that." She (defendant) had $51 with her on that day.

Appellant argues, with reference to her contention as to insufficiency of the evidence, that the alleged victim "who lost nothing" was unable to identify her (appellant) as a person who had touched her or taken anything from her; that neither the one dollar bill nor the ring, which were in the purse, was found in the possession of appellant.

Appellant cites a case which states that to constitute the crime of larceny an intent to steal is essential. She also cites a case which defines larceny.

Proof of intent may consist of reasonable inferences drawn from affirmatively established facts. (See *People* v. *Sinshiemer*, 182 Cal.App.2d 103, 109 [5 Cal.Rptr. 740].)

In the present case the officer testified that he saw appellant put her hand in the victim's purse and pull out the card case, which is Exhibit 1. The evidence was sufficient to support the judgment. The corpus delicti was established.

No appeal lies from a sentence. (*People* v. *Gallardo*, 41 Cal.2d 57 [257 P.2d 29].)

The attempted appeal from the sentence is dismissed. The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.