[Crim. No. 3865. Third Dist. Nov. 22, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM GARRETT, Defendant and Appellant.

James T. Ford, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris Maier, Assistant Attorney General, and Theodore T. N. Slocum, Deputy Attorney General, for Plaintiff and Respondent.

WARNE, J. pro tem.*—Appellant was convicted of burglary in the second degree and sentenced to state prison. The trial judge was the trier of fact, a trial by jury having been waived by appellant. He has appealed from the judgment and the sentence.

On the evening of Sunday, January 17, 1965, William Jones, an employee of the Chukker Restaurant located at 1124 J Street, in Sacramento, noticed in passing the closed restaurant that the door of the cigarette machine was open. He unlocked the front door and started to enter but decided not to do so when he heard someone moving around inside. Jones immediately locked the door and went to call the police. After making the phone call he returned and waited for their arrival in an alcove of the building next door to the restaurant. While standing there he was approached by the appellant and engaged in a short conversation about the fact that the restaurant was closed on Sunday. The police not having arrived, Jones then walked to the Mark Twain bar, a distance of about a block and a half from the Chukker Restaurant and again called the police. Jones testified that about half an hour elapsed from the time of his first call until the arrival of the police.

In response to the call that a burglary was in progress at the Chukker Restaurant, Officer Oliver upon arrival immediately proceeded to the alley behind the restaurant and observed appellant coming out of the alley. At that time and place appellant was asked by Officer Oliver, "where he was coming from, and where he was going." His answer was that he had a few drinks and had gone into the alley to urinate. Officer Oliver thereupon took appellant back into the alley to investigate his statement and observed a wet spot consistent with appellant's explanation of his presence there. Officer Oliver then asked appellant if he had a weapon and he said that he had. A routine weapons search or "patting down" was then made of appellant's person which disclosed a pocket knife and what felt like and turned out to be a large amount of coins in the left front pocket of appellant's trousers which Officer Oliver at that time estimated to be from $20 to $30. Officer Oliver removed some of the coins from appellant's pocket to see what they were. Thereupon appellant was taken into custody and walked around to the front of the

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

restaurant and turned over to Officer Deveny. The coins and pocket knife were then removed from appellant's trousers. The coins amounted to $44.50 and consisted of quarters, half dollars, nickels and dimes. At this stage of the investigation the police also took appellant's trousers, shoes and sweater, after Officer Deveny observed glass in the cuffs of appellant's trousers. The evidence further discloses the juke box and cigarette machine were broken into and the coin boxes had been taken out and found upstairs on the second floor. The glass in the southernmost skylight had been broken and glass was on the floor below the skylight. A length of television antenna copper wire had been severed and was hanging down from the steel brace of the skylight. There were scuff marks on the wall paint inside the broken skylight. The blue and white painted glass in the door to the rear stairway inside the restaurant had been broken.

A California State Bureau of Criminal Identification and Investigation expert criminalist testified that he had made a comparison of paint samples taken near the scuff marks on the wall inside the skylight with the paint chips taken from appellant's trousers and they corresponded exactly under infrared spectofotometric analysis. The blue paint and glass from the stairway door corresponded exactly to a chip of glass containing blue paint which was found in appellant's trousers. It was the opinion of the criminalist that the paint samples taken from the wall and cuffs of appellant's trousers originated from the same source.

Of course, the appellant took the witness stand and denied that he had committed the burglary but he was impeached on the not unreasonable ground of three prior felony convictions.

■ Appellant contends that he was convicted upon evidence obtained from his person as the result of an unlawful search and seizure.

Since no search warrant had been issued, the pertinent question in this case is whether or not the officer who made the arrest had reasonable cause to believe that appellant had committed the burglary.

In *People* v. *McGlory*, 226 Cal.App.2d 762, 765 [38 Cal. Rptr. 373], the court said: ". . . It is well established that a police officer can stop a person, out of doors at night, for the purpose of interrogation, when to a reasonable person such a course of conduct appears necessary to the discharge of his duty. (*People* v. *Alcala*, 204 Cal.App.2d 15 [22 Cal.Rptr.

31].) This rule strikes a balance between a person's interest in immunity from police interference and the community's interest in law enforcement. (*People* v. *Mickelson, supra,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658].) The right to investigate gives rise to the right to conduct a reasonable search for weapons in order to protect the safety of the officer. If the search for weapons reveals contraband the officers are not required to ignore it. (*People* v. *Martin,* 46 Cal.2d 106 [293 P.2d 52]; *People* v. *Blodgett,* 46 Cal.2d 114 [293 P.2d 57].)'' (See also *People* v. *Koelzer,* 222 Cal.App. 2d 20 [34 Cal.Rptr. 718]; *People* v. *Lewis,* 187 Cal.App.2d 373 [9 Cal.Rptr. 659].)

Applying the law as set forth in *People* v. *McGlory* and cases cited therein, we have concluded that Officer Oliver had reasonable cause to justify an arrest of appellant on the charge of burglary. He and other police officers were responding immediately to a reported burglary in progress. Officer Oliver did not know that half an hour had passed since Jones first called the police. The appellant appeared to be leaving the scene of the reported crime. It was in the evening and Officer Oliver was there to investigate. He had the lawful right to stop appellant for the purpose of interrogation as to ''where he was coming from, and where he was going.'' Such conduct on the part of Officer Oliver, we feel, was necessary to the discharge of his duty. Further, the right to investigate gave Officer Oliver the right to conduct a reasonable search for weapons in order to protect his own safety. The search for weapons having revealed a large amount of coins that appeared to the officer to be loot from the type of crime under investigation, Officer Oliver was not required to ignore it. There was probable cause to justify the search and seizure.

No appeal lies from the sentence, and the purported appeal from the sentence is dismissed.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1966.