[Crim. No. 13102.   Second Dist., Div. One.   Dec. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RUBE MARVIN BLACKWELL, Defendant and Appellant.

James M. Parker, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, George J. Roth and Lola M. McAlpin, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of second degree burglary and an attempted appeal from an order denying a motion for a new trial.

In an information filed in Los Angeles on March 21, 1966, Rube Marvin Blackwell and James Marion Reed were jointly charged in count I with burglarizing a building occupied by Clanton Block Corporation on or about March 1, 1966, and in count II with burglarizing a building occupied by M. W. Concrete Company and Ladd Ready-Mix Concrete Company on or about March 1, 1966. Blackwell was further charged with six prior felony convictions; (1) in Texas in 1927 a burglary conviction, (2) in Texas in 1932 a conviction for arson, (3) in Texas in 1935 a conviction for burglary, (4) in Texas a 1940 conviction for burglary, (5) in California a 1948 conviction for burglary, and (6) in California a 1957 conviction for forgery. Each defendant entered a plea of not guilty and Blackwell denied the prior convictions. By stipulation the cause was submitted upon the testimony contained in the transcript of the proceedings had at the preliminary hearing with each side reserving the right to offer additional evidence. Further, the exhibits received at the preliminary hearing were deemed received into evidence. The prosecution put on for further testimony one of the officers who had testified at the

preliminary hearing. Neither of the defendants saw fit to testify. Each of the defendants was found guilty as charged. All of the alleged prior convictions were found to be true excepting number three at which trial defendant apparently was not represented by counsel and the record thereof on its face did not disclose that he had waived his rights thereto. A motion for a new trial was denied and Blackwell was sentenced to the state prison. He has appealed from the judgment of conviction.

A résumé of some of the facts is as follows: The respective places of business which were burglarized, Ladd Ready-Mix Concrete Company, 25444 San Fernando Road, and Clanton Corporation, 25446 San Fernando Road, were regularly closed on Monday night, February 28, 1966. The premises in each instance were in good condition when closed and neither defendant had permission to make any entry or to take anything from either of the premises.

Deputy Sheriff Wigham and Deputy Sheriff Eddelman between 2 a.m. and 3 a.m., March 1, 1966, were patrolling the area in a sheriff's automobile. They drove onto a dirt extension road of the San Fernando Road which leads to the two premises above mentioned. The officers saw a hole, about 4 feet square, cut in the fence on the north side of the road which surrounds one of the plants. They also noted two tire or wheel tracks coming from the fence opening and leading across the dirt road. Upon a search of the area the officers found behind some bushes a dolly with numerous electrical tools and other tools and an adding machine and other electrical office equipment. Thinking that the items were stolen property under the circumstances, the officers got back into the official car, exited from the dirt road and turned south into the Hi-Chick Drive-In area. The business operation at the drive-in was closed. From that vantage point, the officers watched the area of the dirt road to see whether anyone might make an attempt to pick up the property which appeared to have been stolen and cached in the brush at the side of the dirt road. In about five minutes the officers saw a black and white automobile going past the area where the sheriff's unit was parked. A passing train blocked the entrance to the dirt road and the black and white automobile then went northerly and shortly thereafter proceeded southerly to the front of the restaurant, turned around and then proceeded onto the main road toward the dirt road, off the main road and onto the dirt road leading to the area of the premises of the respective victims heretofore

mentioned. The lights on the black and white car went out. In about three or four minutes, the officers saw the headlights of the black and white car go on again, and that vehicle proceeded from the dirt road onto the main road southerly toward the restaurant. Two police units in the area proceeded with red lights and siren to follow the black and white car. An electric cord was hanging from the trunk of the black and white car. Blackwell was the driver of the black and white car and his codefendant Reed was seated in the passenger seat. The car was stopped at a point about 100 yards south of the road leading to the business premises first mentioned. The officers asked Blackwell where they had been and what they were doing but received no response. The officers were of the belief that the electrical cord hanging from the trunk of the car was from one of the items of the cache which they had witnessed only a few minutes earlier off the dirt road. Defendants were placed under arrest on suspicion of burglary. The keys to the trunk of the car were obtained and upon opening the trunk the officers saw numerous tools, an adding machine, a typewriter, and other equipment.

Two of the deputies then drove back to check the premises and observed at Clanton Corporation the same type of tire tracks near the front of the building as they had observed near the hole in the fence. They ascertained at the rear of the building that a hasp had been broken on a sliding door and inside the office was in disarray. It was obvious that a burglary had taken place. Clanton on Tuesday morning determined that a drill, torch, acetylene hoses, gauges, and a cart were missing. Mr. White, of Ladd Ready-Mix, found that the back window of their office had been moved, that someone had made an entry and that a typewriter and adding machine were missing.

Appellant now asserts that there was no probable cause for the arrest and the subsequent search and that a fair trial was denied because of the conduct of the judge. There is no merit to such contentions.

The officers had a duty to investigate the suspicious circumstances of considerable office equipment and electrical tools being cached in the brush alongside a dirt road at between 2 a.m. and 3 a.m. (See *People* v. *Rogers*, 241 Cal.App. 2d 384, 387 [50 Cal.Rptr. 559].) When the officers saw the black and white car making certain maneuvers to get into the area, travel to the point where the items were cached, the car lights go off, followed by a short wait and the car lights then

go back on and the car then proceed toward the main road, they had reasonable or probable cause to make an arrest on suspicion of burglary. Indeed, had the officers sat silently by and watched the black and white car proceed away with what was obviously loot, they should have been disciplined. The opening of the trunk where the electric cord was hanging out was incidental to the arrest. Under the circumstances, a conscientious and prudent person would entertain a strong suspicion that appellant was one of the burglars. (See *People* v. *Lindogan*, 212 Cal.App.2d 466, 469 [27 Cal.Rptr. 905]; *People* v. *Wozniak*, 235 Cal.App.2d 243, 250 [45 Cal.Rptr. 222].) There is substantial evidence to support the view of the trial judge that the arrest and search were proper and legal under the particular circumstances of this case. (See *People* v. *Wozniak*, *supra*, 235 Cal.App.2d 243, 250.)

█ Appellant complains that the trial judge made certain prejudicial remarks with reference to appellant's propensities to steal. After the appellant had been found guilty and while out on bail awaiting a probation officer's report and sentence, he was arrested and charged with a burglary in Orange County. The judge said, "That's a habit he can't break. I imagine if convicted in Orange County, he will be given a similar sentence there." We see nothing, under the circumstances, which shows any bias or prejudice in the remark.

We have studied the record thoroughly in this case and nothing which was said or indicated by the judge shows in the slightest any bias or prejudice against appellant.

█ With reference to the claim that appellants' counsel was not able to cross-examine an officer prosecution witness completely, the record shows that the officer at the trial was asked whether the typewriter, torch and drill introduced into evidence as exhibits 2, 3, and 4, were some of the items found in the trunk of the car and he answered, yes. This covered approximately one page of transcript. Appellant's counsel then questioned the officer (covering fourteen pages of transcript) when the judge said, ". . . you have about two minutes more" and at once counsel stated, "I have nothing further, your Honor." There was no unreasonable restriction upon appellant's counsel. █ In any event " 'The court has, however, discretionary power over cross-examination which will be disturbed on appeal only in case of an abuse thereof. Thus the court may confine an examination within reasonable limits, *and may curtail a cross-examination which is unduly protracted, frivolous, or which relates to matters*

*which are irrelevant, admitted or have already been fully cov-ered.* [Citations.]' " (*People* v. *Rivers,* 171 Cal.App.2d 335, 340 [340 P.2d 648] ; *People* v. *Clay,* 227 Cal.App.2d 87, 101 [38 Cal.Rptr. 431, 100 A.L.R.2d 1421].)

We have considered appellant's contentions and find no merit therein and in any event no prejudicial error was committed. (Cal. Const., art. VI, § 13.)

The attempted appeal from the order denying a motion for a new trial is dismissed.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.