[Crim. No. 13831. Second Dist., Div. One. Mar. 14, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. VICTOR TOMITA, Defendant and Appellant.

Victor Tomita, in pro. per., and Robert Valentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Elliott D. McCarty, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of possession of marijuana.

In an information filed in Los Angeles on November 16, 1966, defendant was charged in count 1 with possessing marijuana on October 16, 1966, and in count 2 with possessing marijuana on October 16, 1966, while in the Los Angeles County jail. Defendant was found guilty in a jury trial as charged in count 1 and not guilty of the charge as stated in count 2. Defendant was sentenced to the state prison.

A résumé of some of the facts is as follows: On October 16, 1966, Deputy Sheriff Robert E. Payne was security officer on duty at the second floor infirmary of the Los Angeles County jail. That afternoon defendant was brought up in the elevator to be admitted to the infirmary, and Officer Payne instructed him to change his clothes in an adjacent room. Officer Payne, standing in the hallway some 15 or 20 feet away observed defendant through a well-lighted open doorway. He saw defendant, while changing his clothes, make a furtive movement as though removing from his mouth some object which he then placed in an empty cigarette carton on the table before him. This movement aroused the watching officer's suspicion and he requested that defendant submit to a search of his belongings. Among defendant's possessions Officer Payne found what appeared to be a slightly curved, moist marijuana cigarette, distinguishable from the other cigarettes in the carton because the paper wrapping had a yellow tinge. Officer

Payne promptly advised defendant that he had the right to remain silent, that anything he might say could be used against him in court, that he had the right to have his own private attorney, and that if he was indigent a county public defender would be contacted on his behalf. The next day Officer Raymond Velasquez similarly advised defendant of his constitutional rights. Both officers testified that defendant indicated that he understood these admonitions.

Defendant was arraigned on the charges October 18, 1966, and on that morning he summoned Officer Payne to his jail cell to inquire of him what event had prompted his search. Officer Payne described the suspicious movement which he had observed defendant make and then asked how he had gotten the marijuana cigarette into the jail. Defendant said that he had smuggled it in through the booking process when he was being admitted to jail.

The foregoing testimony was introduced by the prosecution. Counsel stipulated that the cigarette introduced into evidence contained marijuana. Defense counsel called no witnesses and appellant did not testify.

Appellant now contends that the evidence is insufficient to sustain the judgment, that certain evidence was improperly received, that he was not correctly advised of his constitutional rights, that he was deprived of his right to the aid of counsel, and that he was prejudiced in several minor respects. There is no merit to appellant's contentions. ▊ Where the findings of the trier of fact are supported by evidence in the record, the appellate court should not reverse the judgment. (*People* v. *Widener,* 220 Cal.App.2d 826, 829 [34 Cal.Rptr. 130].) ▊ The possession of a narcotic drug and knowledge of its narcotic qualities may be established by circumstantial evidence. (*People* v. *Powell,* 236 Cal.App.2d 881, 883 [46 Cal. Rptr. 415].) ▊ Officer Payne's uncontroverted testimony clearly established that appellant furtively removed the cigarette from his mouth and placed it in the carton containing his personal belongings, from which appellant's knowledge of the illicit character of the cigarette may be inferred. Unquestionably, the bent, moist marijuana cigarette resting in the cigarette carton on the table directly in front of appellant at the time of the search was under his possession and control. His admission that he smuggled the cigarette into the jail further supported his conviction. (*People* v. *McGlory,* 226 Cal.App.2d 762, 766 [38 Cal.Rptr. 373].)

▊ Appellant objected to the introduction of the admis-

92

sion he made to Officer Payne and he contends that his motion to strike this testimony was improperly denied, because he was not adequately advised of his constitutional rights. (*People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]; *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].) Appellant, however, was on several occasions advised of the full extent of his constitutional rights and thereafter initiated a conversation with Officer Payne.

Only when a defendant who is under custody and surveillance is subjected to interrogation calculated to elicit incriminating statements without being advised of his constitutional rights are his statements rendered inadmissible. "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop . . . a person who calls the police to offer a confession or any other statement he desires to make." (*Miranda* v. *Arizona, supra*, 384 U.S. 436, 478 [16 L.Ed.2d 694, 725].) Where adequate protective devices have been employed to dispel the compulsion inherent in custodial surroundings, the police are not precluded from using any voluntary statements made by a defendant in custody.

Officer Payne was in a position to testify to circumstances sufficient to support appellant's conviction before the admission was made. When appellant felt impelled to discuss the events, Officer Payne naturally, but without coercion, pursued the conversation with his question. "[T]he questioning was initiated by defendant, and the [defendant's] statement was volunteered in response to a neutral inquiry invited by defendant's own remarks; . . . the conduct of the police was neither intimidating nor accusatory, nor did it appear in any way designed to elicit incriminating statements; . . ." (*People* v. *Treloar*, 64 Cal.2d 141, 147 [49 Cal.Rptr. 100, 410 P.2d 620].) Although Officer Payne did not once again directly admonish appellant of his constitutional rights at the time appellant made his admission, there is no reason to assume that appellant had already forgotten the admonitions of the preceding day. (*People* v. *Hill*, 66 Cal.2d 536 [58 Cal.Rptr. 340, 426 P.2d 908]; *People* v. *Lookadoo*, 66 Cal.2d 307 [57 Cal.Rptr. 608, 425 P.2d 208].) The court was justified in determining, upon the evidence, that appellant intelligently waived his constitutional rights, as it was his prerogative to

do. (*Johnson* v. *Zerbst*, 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357].)

 Appellant next contends that he was denied his right to be represented by counsel of his own selection and was, therefore, deprived of the effective aid of counsel. The trial court refused to appoint a private attorney to represent appellant in place of the public defender, who was appointed at the arraignment. Appellant moved to have the public defender dismissed on the ground of a conflict of interest. The trial court requested that the public defender investigate this claim and was advised that no conflict appeared, whereupon the court denied appellant's motion. In the absence of some compelling reason to the contrary, a defendant is bound to accept court-assigned legal counsel. (*People* v. *Ortiz*, 195 Cal.App.2d 112, 116 [15 Cal.Rptr. 398]; *People* v. *Terry*, 224 Cal.App.2d 415, 418 [36 Cal.Rptr. 722].) Where he does not have the means to employ a private attorney, the defendant must accept the services of the public defender or court-appointed counsel, but has no right to select an attorney and request that the court compel that individual to represent him. " '. . . The defendant must accept the attorney selected for him by the court in the exercise of a sound legal discretion; is not entitled to an attorney of his own choosing [citations]; in the absence of compelling reason, may not require the court to appoint another attorney for him; and is not entitled to a routine change of attorneys until he obtains one who is willing to subject his professional judgment to the judgment of his client, or who, perchance, is of the same opinion as the defendant with respect to matters of trial advantage, ethics or law.' " (*People* v. *Shields*, 232 Cal.App. 2d 716, 723 [43 Cal.Rptr. 188].) The court properly exercised its discretion to retain the services of the public defender.

 Appellant makes no showing whatsoever with respect to his final contentions. Although he claims that he was denied competent counsel, he points to no circumstances from which it might be inferred that his trial was reduced by his counsel's lack of diligence to a farce or a sham (*People* v. *Ibarra*, 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]; *People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457]) or such as would overcome the presumption that his counsel was in fact competent. (*People* v. *Robillard*, 55 Cal.2d 88, 97 [10 Cal. Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086].) Appellant contends that the public defender committed prejudicial error by

94

refusing to subpoena a material witness, but makes no showing that any witness in fact existed who was not allowed to testify. The burden of establishing inadequate representation is on appellant (*People* v. *Reeves*, 64 Cal.2d 766, 774 [51 Cal.Rptr. 691, 415 P.2d 35]), and he fails to support his contentions. It is apparent from the record that the public defender diligently defended appellant, vigorously cross-examined prosecution witnesses, and assiduously argued grounds for probation.

█ Finally, appellant cannot support his claim that the trial judge exhibited a highly prejudicial state of mind during the sentencing by his reference to appellant as a Japanese Nationalist. The court indeed admonished appellant, who had been convicted of other crimes on several previous occasions, that he was a discredit to his race, but complimented the ethnic group as a whole for their low crime record.

The judgment appealed from is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied April 4, 1968, and appellant's petition for a hearing by the Supreme Court was denied May 9, 1968.